UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**AISHA BROCK,**

    **Plaintiff,**

vs.                                                                **CASE NO.**

**KROGER FULFILLMENT NETWORK LLC,**

    **Defendant.**
_____/

## DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL

Defendant, KROGER FULFILLMENT NETWORK LLC ("Defendant"), by and through its undersigned counsel, and in accordance with the applicable Federal Rules of Civil Procedure, Rule 1.06 of the Local Rules of the United States District Court for the Middle District of Florida, and Title 28 of the United States Code §§ 1331, 1332, 1367, 1441, 1443, and 1446, requests that this Court remove this action from the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, to the United States District Court for the Middle District of Florida, Jacksonville Division. Defendant sets forth the grounds for removal of this civil action below.

**I.  INTRODUCTION**

On October 21, 2025, Plaintiff, Aisha Brock ("Plaintiff"), filed a Complaint ("Complaint") in the Circuit Court of the Fourth Judicial Circuit, in and for Duval

County, Florida, Case No. 16-2025-CA-006518 (the "Circuit Court Case"). Copies of all processes, pleadings, orders, and other papers or exhibits of every kind currently on file within the Circuit Court Case are attached to this Notice of and Petition for Removal as **Composite Exhibit A** as required by 28 U.S.C. § 1446(a).

In the Complaint, Plaintiff alleges claims under the Florida Civil Rights Act of 1992 ("FCRA"), Florida Statute § 760, *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, *et seq. See* **Comp. Ex. A**, Compl. ¶¶ 1, 9-28.

On February 3, 2026, Plaintiff served Defendant with a Summons and Complaint. No other process, pleadings or orders have been served upon Defendant in this action. Defendant has filed this Notice of and Petition for Removal within 30 days of receipt of the Summons and Complaint. Thus, this Notice of and Petition for Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

The United States District Court for the Middle District of Florida, Jacksonville Division includes the judicial division in which Plaintiff filed the Complaint. Thus, removal to this Court is proper pursuant to 28 U.S.C. § 1446(a).

Pursuant to 28 U.S.C. § 1446(d), Defendant will provide the Notice of and Petition for Removal to Plaintiff and will file a copy of the Notice of and Petition for Removal in the Circuit Court Case.

## II. REMOVAL IS PROPER BASED ON FEDERAL QUESTION JURISDICTION

### A. This Court Has Federal Question Jurisdiction

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Counts I and II of the Complaint arise under Title VII. *See* **Comp. Ex. A**, Compl. ¶¶ 9-19. Accordingly, this civil action is within the original federal question jurisdiction of the United States District Court and may be removed to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1443.

### B. This Court Has Supplemental Jurisdiction Over Plaintiff's State Law Claim

In addition to her claims based on federal law, Plaintiff includes two causes of action based on the FCRA. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the state law claim alleged in Counts III and IV of the Complaint because they arise out of Plaintiff's employment with Defendant. "Section 1367(a) authorizes a court to hear supplemental claims to the full extent allowed by the 'case or controversy' standard of Article III of the Constitution." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742–43 (11th Cir. 2006) (citation omitted). "The constitutional 'case or controversy' standard confers

supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim." *Id*. at 743 (citation omitted).

Here, Plaintiff's FCRA claims in Counts III and IV of the Complaint arise from the same set of facts and circumstances as Plaintiff's Title VII claims in Counts I and II of the Complaint. *See* **Comp. Ex. A**., Compl. Simply put, Plaintiff's claims involve the same facts, the same occurrences, and generally the same evidence. As such, Plaintiff's state law claim is part of the same case or controversy raised by Plaintiff's federal claims and this Court has supplemental jurisdiction over the state law claim. *See* 28 U.S.C. § 1367(a); *Parker*, 468 F.3d at 743.

## III. REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

In the alternative, the Court has jurisdiction based on diversity of the parties. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Where the basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the defendant has the burden of demonstrating: (1) complete diversity of citizenship; and (2) an amount in controversy greater than $75,000 by a preponderance of the evidence. *McAndrew v. Nolen*, No. 3:08-CV-294/MCR/MD, 2009 U.S. Dist. LEXIS 11083, at *6 (N.D. Fla. Feb. 4, 2009).

### A. Complete Diversity Exists Among the Parties

Plaintiff is an individual and a resident of Florida. For purposes of determining diversity of citizenship, an individual is deemed a citizen of the state in which she is domiciled. A plaintiff's place of residency is evidence of her domicile absent affirmative allegations to the contrary. *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary."). Plaintiff alleges she is a resident of Duval County, Florida (Compl. ¶ 2).

Conversely, Defendant is citizen of Ohio and is not a citizen of Florida. Defendant is a limited liability company whose sole member is The Kroger Co., a corporation incorporated in, and with its principal place of business in, Ohio. *See* **Exhibit B**, Brian Personett Decl., ¶ 2. A limited liability company is a citizen of every state in which any member is a citizen. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. Mar. 20, 2017). Under Section 1332(c)(1), a corporation is a "citizen" both of every State within which it is incorporated <u>and</u> the State of its "principal place of business." 28 U.S.C. § 1332(c)(1).

To determine a corporation's principal place of business, the Supreme Court's "nerve center test" applies. *Motyl v. Franklin Templeton Cos., LLC*, No. 13-60967-CIV, 2014 U.S. Dist. LEXIS 50445, at *4 (S.D. Fla. Apr. 11, 2014). Under the test,

this is the "place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 5 (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 93, 130 S. Ct. 1181, 1192 (2010)). Practically, this usually means a corporation's headquarters. *See Motyl*, 2014 U.S. Dist. LEXIS 50445, at *5.

Here, The Kroger Co., the sole member and parent corporation of Defendant, is exclusively a citizen of Ohio and not a citizen of Florida. The Kroger Co. is incorporated in Ohio and its principal place of business is in Ohio as that is where its corporate headquarters—its "nerve center"—is located. **Exhibit B,** ¶ 2. Thus, The Kroger Co., is only a citizen of Ohio, and not of Florida, and consequently, Defendant is only a citizen of Ohio and not of Florida. Complete diversity therefore exists between the parties: Plaintiff is a citizen of Florida; Defendant is a citizen of Ohio.

**B.    The Amount in Controversy Exceeds $75,000**

Plaintiff seeks multiple categories of damages that, when aggregated, meet the jurisdictional threshold. Plaintiff states in her Complaint that she is seeking back pay, reinstatement or front pay, compensatory and emotional distress damages, prejudgment interest, punitive damages, damages for loss of earning capacity, and repayment for attorneys' fees and costs for her religious discrimination and retaliation claims under Title VII and the FCRA (Compl. ¶¶ 14, 19, 23 and 28) as well as "loss of other employment benefits" (Compl. ¶ 19). Defendant in no way

6

intends to imply or suggest that Plaintiff will prevail in this lawsuit or on any of her claims, or that Plaintiff will recover the amounts in controversy or any other amount. Indeed, any inquiry into whether Plaintiff may actually recover the jurisdictional amount in controversy is unnecessary and inappropriate for purposes of removal. "For the purposes of establishing jurisdiction, it is enough to show that [s]he could" recover the jurisdictional amount. *McDaniel v. Fifth Third Bank*, 568 F. App'x. 729, 732 (11th Cir. 2014).

"Where the plaintiff has not [pled] a specific amount of damages[…] the defendant is required to show by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *See Kirkland v. Midland Mtg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). A removing defendant is not required "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Id.* The district court is permitted to accept the removing defendant's specific factual allegations establishing jurisdiction that are supported with evidence. *Id.* To satisfy its burden on removal, a defendant "need only prove the jurisdictional facts necessary to establish that…damages in an amount necessary to reach the

jurisdictional minimum are at issue – that is, that such damages *could be* awarded." *McDaniel*, 568 F. App'x at 731.

### i.  Lost Wages

Should Plaintiff prevail on her claims, she would presumably recover back and front pay. *See Gonzalez v. Honeywell Int'l, Inc.,* No. 8:16-cv-3359-T-30TGW, 2017 U.S. Dist. LEXIS 5837, at *2–7 (M.D. Fla. Jan. 17, 2017) (including back pay and front pay in amount-in-controversy analysis). "For purpose of estimating the amount in controversy, the potential back pay award may be computed from the date of the adverse employment until the proposed trial date, less mitigation." *Deel v. Metromedia Rest. Servs.*, 2006 U.S. Dist. LEXIS 10174, *14 (N.D. Fla. Feb. 27, 2006); *see also*, *Gonzalez*, 2017 U.S. Dist. LEXIS 5837 at *5.

At the time of her separation from employment with Defendant on April 23, 2024, Plaintiff was earning $18.95 per hour on a full-time basis. *See* **Ex. B**, Personett Decl., ¶ 5. Backpay damages are cutoff as of February 1, 2026 because all drivers employed at the facility, where Plaintiff worked, have been laid off due to the closure of the facility. With the estimated backpay damages cut-off date of February 1, 2026, Plaintiff could be eligible to recover approximately 92 weeks of back pay, totaling approximately $70,277. Plaintiff can also potentially recover front pay, which is usually the equivalent of one year of lost wages. *Gonzalez*, 2017 U.S. Dist.

LEXIS 5837, at *5–6. If awarded front pay, Plaintiff would be conservatively able to recover approximately $39,416 in additional front pay damages.

While Defendant maintains that Plaintiff should not receive any form of relief in this case, it remains that based on her minimum earnings alone, the potential $109,693 of wage damages alone that Plaintiff put in controversy in this case exceeds the minimum jurisdictional threshold of $75,000.00.

### ii.     Compensatory Damages

Under Title VII and the FCRA, a prevailing plaintiff may be awarded compensatory damages, including, but not limited to, damages for mental anguish and other intangible injuries. *See* 42 U.S.C. § 1981a(a); *see also* Fla. Stat. §760.11(5). The FCRA does not cap compensatory damages. Fla. Stat. §760.11(5). Plaintiff does not allege the specific compensatory damages she is seeking. Courts do not need to "place a precise calculation on the amount of any award for intangible damages" because jury awards for intangible damages in employment cases "frequently result in substantial damages awards." *Schmidt v. Pantry, Inc.*, No. 1:11-cv-228-SPM-GRJ, 2012 U.S. Dist. LEXIS 53530, at *11 (N.D. Fla. Mar. 6, 2012).

However, for the purpose of estimating the amount in controversy, district courts have looked to compensatory damage awards in similar cases, Defendant

presumes, for the purposes of removal only, that a "garden variety" compensatory damages award could potentially be recovered by Plaintiff.

While Defendant maintains that Plaintiff is not entitled to receive any damages, and denies being liable to Plaintiff in any way or for any amount, juries in Florida's U.S. District Courts have awarded compensatory damages in employment discrimination cases at or greater than the jurisdictional threshold. *See Copley v. BAX Global, Inc.*, 97 F. Supp. 2d 1164 (S.D. Fla. 2000) ($100,000 in emotional distress damages awarded); *Khatabi v. Car Auto Holdings, LLC*, No. 21-20458-Civ-TORRES, 2024 U.S. Dist. LEXIS 118964, at *at 2 (S.D. Fla. July 8, 2024) (noting the jury awarded $80,000 in compensatory damages awards in a sex discrimination case).

Accordingly, it is reasonable to conclude that a modest award for compensatory damages of $20,000 - $30,000 in garden variety emotional distress should be taken into account when calculating the amount in controversy. *See Alshakanbeh v. Food Lion, LLC*, No. 3:06-cv-1094-J12HTS, 2007 U.S. Dist. LEXIS 20746, at *6-7 (M.D. Fla. Mar. 23, 2007) (plaintiff's motion to remand denied where defendant showed amount in controversy met, in part, by reviewing compensatory damage awards in similar cases).

### iii. Attorneys' Fees

Both Title VII and the FCRA permit prevailing plaintiffs to recover reasonable attorney's fees. *See* 42 U.S.C. § 2000e-5(k); Fla. Stat. § 760.11(5). Courts routinely include anticipated future fees through trial when evaluating the amount in controversy. *See Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1352–53 (M.D. Fla. 2008). Based on similar employment-discrimination cases in Florida federal courts—where discovery, depositions, and pretrial work are completed—fee awards frequently exceed $50,000. *See Gonzalez v. Honeywell Int'l Inc.*, No. 8:16-cv-335-T-33MAP, 2017 U.S. Dist. LEXIS 5837, at *6–7 (M.D. Fla. Jan. 17, 2017) (approving 250 hours at $250/hour). Accordingly, a conservative estimate of $50,000 in recoverable fees is reasonable here.

### iv. The Amount In Controversy Threshold Is Satisfied

In demonstrating that the jurisdictional threshold is satisfied, Defendant does not imply or suggest that Plaintiff will prevail in this action or recover the amounts in controversy discussed above, or any amount.

However, Defendant has demonstrated that Plaintiff's claim for wage damages alone exceeds the $75,000 amount in controversy requirement. When combined with Plaintiff's claim for compensatory damages, attorney's fees, and liquidated damages, the amount in controversy clearly satisfies the $75,000 jurisdictional threshold needed to support removal. Therefore, Defendant has demonstrated that it is more

11

probable than not that the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction.

**WHEREFORE**, Defendant, KROGER FULFILLMENT NETWORK LLC, respectfully requests that the United States District Court for the Middle District of Florida, Jacksonville Division, accept the removal of this action and direct that the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida have no further jurisdiction of this action unless and until this action is remanded.

DATED this 23rd day of February, 2026.

                                          Respectfully submitted,

                                          JACKSON LEWIS P.C.
                                          390 N. Orange Avenue
                                          Suite 1285
                                          Orlando, FL 32801
                                          Telephone: (407) 246-8440
                                          Facsimile: (407) 246-8441

                                          By: */s/ R. Charles DiNunzio, Jr.*
                                          R. Charles DiNunzio, Jr., Esq.
                                          Florida Bar No. 1029108
                                          Charles.DiNunzio@jacksonlewis.com

                                          *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing has been filed on this 23rd day of February, 2026, via the CM/ECF system and will be served via email on the following counsel of record:

Samuel B. Kanupp, Esq.
P. Daniel Williams, Esq.
MAGID & WILLIAMS, P.A.
3100 University Boulevard South, Suite 115
Jacksonville, FL 32216
sam@magidwilliams.com
dan@magidwilliams.com

*Attorneys for Plaintiff*

                                          */s/ R. Charles DiNunzio, Jr.*
                                            Attorney