IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

AISHA BROCK,                                Case No.:
                                                  Division:
       Plaintiff,

v.

KROGER FULFILLMENT NETWORK, LLC,

       Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PRELIMINARY STATEMENT

1.      This is a suit for damages in excess of $50,000.00 exclusive of attorney's fees and costs and injunctive relief under the Florida Civil Rights Act of 1992 brought to remedy discrimination in employment on the basis of religion and retaliation, and under Title VII of the Civil Rights Act of 1964, as amended by the civil rights act of 1991, to remedy religious discrimination and retaliation.

### PARTIES

2.      Plaintiff is a female, resident of the United States residing in Duval County, Florida.

3.      Defendant, Kroger Fulfillment Network, LLC, is a corporation organized under the laws of the state of Ohio and doing business in Duval County, Florida. It employs more than 15 persons and was the Plaintiff's employer during the relevant times.

1

## FACTS

4. Plaintiff worked for Defendant from November 7, 2023 to April 23, 2024, as a Customer Service Delivery Driver.

5. Plaintiff is a Christian. Around April 21, 2024, Plaintiff contacted Human Resources to ask about the process for religious accommodations. Plaintiff was going to need to attend church in person on Sunday in the future. Prior to April 21, 2024, Plaintiff had not discussed religious accommodations with anyone at Kroger.

6. Plaintiff's work schedule was Wednesday to Sunday. She was willing to work six days a week or have non-consecutive days off. She requested to have off Sunday to attend church services in person with her corresponding second off day being Monday.

7. Plaintiff was not given any opportunity to discuss any options at all. Plaintiff made HR aware that she wanted to discuss religious accommodation to have off from work on Sunday to attend church. On April 23, 2024, Plaintiff followed up on her request and HR told Plaintiff to ask her supervisor, which she did. Instead of her supervisor responding, Plaintiff received a call on April 23, 2024, from Ruth Inbody stating that Plaintiff was terminated due to attendance.

8. The reasons provided for Plaintiff's termination are a pretext to discriminate against her based on her religion and in retaliation for Plaintiff having exercised her rights to seek reasonable accommodation due to her religious beliefs. Moreover, this decision would not have been made but for these unlawful motives or a combination of these unlawful factors.

## COUNT I

### UNLAWFUL DISCRIMINATION BASED ON RELIGION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991, 42 U.S.C. §2000e *ET SEQ*.

9. Plaintiff hereby restates and realleges each and every factual allegation contained Paragraphs 1 through 8.

10. Plaintiff is the member of a protected class (Christian), was qualified for her position, and suffered adverse employment action when she was terminated on, or about, April 23, 2024.

11. Plaintiff's religion was a motivating factor in Defendant's decision to terminate her employment. Plaintiff would not have been terminated but for her religion. The reason Defendant articulates for the termination is pretextual.

12. The above described discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a result, Plaintiff has suffered damages.

13. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

14. Plaintiff has been required to retain the undersigned counsel to represent her in this matter and has accordingly incurred attorney's fees and will continue to do so until this case is resolved. Plaintiff is entitled to recovery of attorney's fees under

Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of economic damages, back pay, reinstatement or front pay, compensatory and emotional distress damages, prejudgment interest, damages for loss of earning capacity, repayment for attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5, punitive damages, prejudgment interest, equitable relief, and any and all other relief that the court deems just, equitable, and proper.

## COUNT II

### RETALIATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

15. Plaintiff hereby restates and realleges each and every factual allegation contained in paragraphs 1 through 8.

16. Plaintiff is the member of a protected class (protected activity through exercising her rights to seek religious accommodation); was qualified for her position with Defendant; was retaliated against and suffered adverse employment action on April 23, 2024, as described, supra. The Defendant's articulated reasons are pretextual.

17. Plaintiff possessed genuinely held religious beliefs. She sought a religious accommodation in good faith.

18. Plaintiff suffered this adverse employment action due to her having sought religious accommodation.

19. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of income, and loss of other

employment benefits. In addition, Plaintiff has suffered and continues to suffer mental anguish, distress, humiliation, expense, and loss of enjoyment of life.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of economic damages, back pay, front pay, compensatory and emotional distress damages, punitive damages damages for loss of earning capacity, reimbursement for attorneys' fees and costs, prejudgment interest, equitable relief, and any other such relief that the court deems appropriate.

## COUNT III

### DISCRIMINATION BASED ON RELIGION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, FLA. STAT. 760 *ET SEQ.*

20.  Plaintiff hereby restates and realleges each and every factual allegation contained in paragraphs 1 through 8.

21.  Plaintiff's religion and corresponding need for religious accommodation was a motivating factor with regard to Defendant's decision to terminate her employment. Moreover, Plaintiff would not have been terminated but for her religion (Christianity).

22.  The discrimination described above was done intentionally, wilfully, maliciously and with a reckless disregard for Plaintiff's rights under state law.

23.  As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life. As a result of Defendants said acts,

5

Plaintiff has hired an attorney to represent her in this matter and has incurred and will continue to incur attorneys' fees and costs.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of economic damages, back pay and front pay, compensatory and emotional distress damages, punitive damages, injunctive relief, prejudgment interest, reimbursement for attorneys' fees and costs, and any such relief that the Court deems just and appropriate under the circumstances.

## COUNT IV

### RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992

24	Plaintiff hereby restates and realleges each and every factual allegation contained in Paragraphs 1 through 8.

25.	Plaintiff is the member of a protected class (protected activity through exercising her rights to seek religious accommodation); was qualified for her position with Defendant; was retaliated against and suffered adverse employment action on April 23, 2024, as described, supra. The Defendant's articulated reasons are pretextual.

26.	Plaintiff possessed genuinely held religious beliefs. She sought a religious accommodation in good faith.

27.	Plaintiff suffered this adverse employment action due to her having sought religious accommodation.

28.	As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of income, and loss of other

employment benefits. In addition, Plaintiff has suffered and continues to suffer mental anguish, distress, humiliation, expense, and loss of enjoyment of life.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of economic damages, back pay, front pay, compensatory and emotional distress damages, punitive damages damages for loss of earning capacity, reimbursement for attorneys' fees and costs, prejudgment interest, equitable relief, and any other such relief that the court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

MAGID & WILLIAMS, P.A.
3100 University Boulevard South,
Suite 115,
Jacksonville, Florida 32216
(904) 725-6161  Telephone
(904) 725-3410  Facsimile

/s/ Samuel B. Kanupp
Samuel B. Kanupp, Esq.
Florida Bar No. 0067216
sam@magidwilliams.com
P. Daniel Williams, Esq.
Florida Bar No. 0036625
dan@magidwilliams.com
*Attorneys for Plaintiff*