# COMPOSITE EXHIBIT "A"

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.   CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>FOURTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>DUVAL</u>   COUNTY, FLORIDA

<u>Aisha Brock</u>
  Plaintiff                                                                Case # _____
                                                                           Judge   _____

vs.
<u>Kroger Fulfillment Network, LLC</u>
  Defendant

**II.   AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☒ $75,001 - $100,000
☐ over $100,000.00

**III.   TYPE OF CASE**     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation


**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
      ☐ Residential Evictions
      ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.  REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.  NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

  <u>4</u>

**VI.  IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX.  DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Samuel Kanupp</u>              Fla. Bar # <u>67216</u>
        Attorney or party                             (Bar # if attorney)

<u>Samuel Kanupp     </u>               <u>10/21/2025</u>
 (type or print name)                Date

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

AISHA BROCK,                                        Case No.:
                                                    Division:
    Plaintiff,

v.

KROGER FULFILLMENT NETWORK, LLC,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

## PRELIMINARY STATEMENT

1. This is a suit for damages in excess of $50,000.00 exclusive of attorney's fees and costs and injunctive relief under the Florida Civil Rights Act of 1992 brought to remedy discrimination in employment on the basis of religion and retaliation, and under Title VII of the Civil Rights Act of 1964, as amended by the civil rights act of 1991, to remedy religious discrimination and retaliation.

## PARTIES

2. Plaintiff is a female, resident of the United States residing in Duval County, Florida.

3. Defendant, Kroger Fulfillment Network, LLC, is a corporation organized under the laws of the state of Ohio and doing business in Duval County, Florida. It employs more than 15 persons and was the Plaintiff's employer during the relevant times.

1

## **FACTS**

4. Plaintiff worked for Defendant from November 7, 2023 to April 23, 2024, as a Customer Service Delivery Driver.

5. Plaintiff is a Christian. Around April 21, 2024, Plaintiff contacted Human Resources to ask about the process for religious accommodations. Plaintiff was going to need to attend church in person on Sunday in the future. Prior to April 21, 2024, Plaintiff had not discussed religious accommodations with anyone at Kroger.

6. Plaintiff's work schedule was Wednesday to Sunday. She was willing to work six days a week or have non-consecutive days off. She requested to have off Sunday to attend church services in person with her corresponding second off day being Monday.

7. Plaintiff was not given any opportunity to discuss any options at all. Plaintiff made HR aware that she wanted to discuss religious accommodation to have off from work on Sunday to attend church. On April 23, 2024, Plaintiff followed up on her request and HR told Plaintiff to ask her supervisor, which she did. Instead of her supervisor responding, Plaintiff received a call on April 23, 2024, from Ruth Inbody stating that Plaintiff was terminated due to attendance.

8. The reasons provided for Plaintiff's termination are a pretext to discriminate against her based on her religion and in retaliation for Plaintiff having exercised her rights to seek reasonable accommodation due to her religious beliefs. Moreover, this decision would not have been made but for these unlawful motives or a combination of these unlawful factors.

## COUNT I

### UNLAWFUL DISCRIMINATION BASED ON RELIGION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991, 42 U.S.C. §2000e *ET SEQ.*

9. Plaintiff hereby restates and realleges each and every factual allegation contained Paragraphs 1 through 8.

10. Plaintiff is the member of a protected class (Christian), was qualified for her position, and suffered adverse employment action when she was terminated on, or about, April 23, 2024.

11. Plaintiff's religion was a motivating factor in Defendant's decision to terminate her employment. Plaintiff would not have been terminated but for her religion. The reason Defendant articulates for the termination is pretextual.

12. The above described discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a result, Plaintiff has suffered damages.

13. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

14. Plaintiff has been required to retain the undersigned counsel to represent her in this matter and has accordingly incurred attorney's fees and will continue to do so until this case is resolved. Plaintiff is entitled to recovery of attorney's fees under

Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of economic damages, back pay, reinstatement or front pay, compensatory and emotional distress damages, prejudgment interest, damages for loss of earning capacity, repayment for attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5, punitive damages, prejudgment interest, equitable relief, and any and all other relief that the court deems just, equitable, and proper.

## COUNT II

### RETALIATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

15. Plaintiff hereby restates and realleges each and every factual allegation contained in paragraphs 1 through 8.

16. Plaintiff is the member of a protected class (protected activity through exercising her rights to seek religious accommodation); was qualified for her position with Defendant; was retaliated against and suffered adverse employment action on April 23, 2024, as described, supra. The Defendant's articulated reasons are pretextual.

17. Plaintiff possessed genuinely held religious beliefs. She sought a religious accommodation in good faith.

18. Plaintiff suffered this adverse employment action due to her having sought religious accommodation.

19. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of income, and loss of other

4

employment benefits. In addition, Plaintiff has suffered and continues to suffer mental anguish, distress, humiliation, expense, and loss of enjoyment of life.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of economic damages, back pay, front pay, compensatory and emotional distress damages, punitive damages damages for loss of earning capacity, reimbursement for attorneys' fees and costs, prejudgment interest, equitable relief, and any other such relief that the court deems appropriate.

## COUNT III

### DISCRIMINATION BASED ON RELIGION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, FLA. STAT. 760 *ET SEQ.*

20. Plaintiff hereby restates and realleges each and every factual allegation contained in paragraphs 1 through 8.

21. Plaintiff's religion and corresponding need for religious accommodation was a motivating factor with regard to Defendant's decision to terminate her employment. Moreover, Plaintiff would not have been terminated but for her religion (Christianity).

22. The discrimination described above was done intentionally, wilfully, maliciously and with a reckless disregard for Plaintiff's rights under state law.

23. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life. As a result of Defendants said acts,

5

Plaintiff has hired an attorney to represent her in this matter and has incurred and will continue to incur attorneys' fees and costs.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of economic damages, back pay and front pay, compensatory and emotional distress damages, punitive damages, injunctive relief, prejudgment interest, reimbursement for attorneys' fees and costs, and any such relief that the Court deems just and appropriate under the circumstances.

## COUNT IV

### RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992

24  Plaintiff hereby restates and realleges each and every factual allegation contained in Paragraphs 1 through 8.

25. Plaintiff is the member of a protected class (protected activity through exercising her rights to seek religious accommodation); was qualified for her position with Defendant; was retaliated against and suffered adverse employment action on April 23, 2024, as described, supra. The Defendant's articulated reasons are pretextual.

26. Plaintiff possessed genuinely held religious beliefs. She sought a religious accommodation in good faith.

27. Plaintiff suffered this adverse employment action due to her having sought religious accommodation.

28. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of income, and loss of other

6

employment benefits.  In addition, Plaintiff has suffered and continues to suffer mental anguish, distress, humiliation, expense, and loss of enjoyment of life.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of economic damages, back pay, front pay, compensatory and emotional distress damages, punitive damages damages for loss of earning capacity, reimbursement for attorneys' fees and costs, prejudgment interest, equitable relief, and any other such relief that the court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

MAGID & WILLIAMS, P.A.
3100 University Boulevard South,
Suite  115,
Jacksonville, Florida 32216
(904) 725-6161  Telephone
(904) 725-3410  Facsimile

/s/ Samuel B. Kanupp
Samuel B. Kanupp, Esq.
Florida Bar No. 0067216
sam@magidwilliams.com
P. Daniel Williams, Esq.
Florida Bar No. 0036625
dan@magidwilliams.com
*Attorneys for Plaintiff*



**JODY PHILLIPS**

CLERK OF THE CIRCUIT AND COUNTY COURTS
JACKSONVILLE, DUVAL COUNTY, FLORIDA

**RECEIPT**
4996642

Printed On:
10/21/2025 04:53
Page 1 of 1

| Receipt Number: 4996642 - Date 10/21/2025  Time 4:53PM | | | |
|---|---|---|---|
| **Received of:** | Samuel B. Kanupp<br>3100 University Blvd. South,<br>Suite 115<br>Jacksonville, FL 32216 | | |
| **Cashier Name:** | EFile | **Balance Owed:** | 401.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 401.00 |
| **Receipt ID:** | 8416283 | **Remaining Balance:** | 0.00 |
| **Division:** | CV-D(Circuit Court) | | |
| Case# 16-2025-CA-006518-AXXX-MA -- PLAINTIFF: BROCK, AISHA | | | |
| Item | Balance | Paid | Bal Remaining |
| Fees | 401.00 | 401.00 | 0.00 |
| **Case Total** | **401.00** | **401.00** | **0.00** |
| Payments | | | |
| Type | Ref# | | Amount |
| EFILING | 16746959 | | 401.00 |
| **Total Received** | | | **401.00** |
| **Total Paid** | | | **401.00** |

### The clerk of courts is here to help you.

| We can be found online at: | WWW.DUVALCLERK.GOV |
|---|---|
| The main courthouse Location is: | Clerk of the Circuit and County Courts<br>Duval County, Florida<br>501 West Adams Street<br>Jacksonville, Florida 32202 |
| The main telephone number is: | 904-255-2000 |
| Other Locations: | Neptune Beach Courthouse Annex<br>1543 Atlantic Blvd<br>Neptune Beach, Florida 32266 |

IN THE CIRCUIT COURT
OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA

CASE NUMBER: 16-2025-CA-006518-AXXX-MA
DIVISION: CV-D

AISHA BROCK,
   Plaintiff,

-vs-

KROGER FULFILLMENT NETWORK, LLC,
   Defendant.

_____

### CASE MANAGEMENT ORDER SETTING PROJECTED TRIAL DATE AND CASE MANAGEMENT DEADLINES

In accordance with Rule 1.200, Florida Rules of Civil Procedure, it is,

**ORDERED** as follows:

**1.   CASE MANAGEMENT TRACK DESIGNATION**

Based on initial information provided on the Civil Case Cover Sheet and consideration of the Complaint, this case is assigned to the general case management track.

Changes in track designation may be made in accordance with Rule 1.200(c).

**2.   PROJECTED TRIAL DATE**

The Plaintiff has demanded a jury trial.

The projected trial term date is **May 3, 2027**.

The projected pretrial date is April 14, 2027, at 9:00 a.m.

**3.   PROJECTED TRIAL DURATION**

The projected time allocated for the trial is 5 days or less.

**4.     PROJECTED PRE-TRIAL DEADLINES**

| | | |
|---|---|---|
| a. | Service of Complaint | *See* Fla. R. Civ. P. Rule 1.070 |
| b. | Service Under Extensions | *See* Fla. R. Civ. P. Rule 1.070 |
| c. | Adding New Parties | 120 days after service of the Complaint |
| d. | Filing and Resolution of all Objections to Pleadings | 60 days after service of the Complaint |
| e. | Expert Witness Disclosure | Plaintiff: 150 days before pre-trial conference; Defendant: 120 days before pre-trial conference |
| f. | Completion of Fact Discovery | by pre-trial conference |
| g. | Completion of Expert Discovery | by pre-trial conference |
| h. | Filing and Service of Motions for Summary Judgment | 90 days before pre-trial conference |
| i. | Filing and Resolution of all Pretrial Motions (including summary judgment motions) | by pre-trial conference |
| j. | Completion of Alternative Dispute Resolution | 14 days before pre-trial conference |

**The deadlines established by this order will be strictly enforced unless changed by Court order.**

**5.     CASE MANAGEMENT CONFERENCE FOLLOWING THE SETTING OF THE PROJECTED TRIAL DATE**

A Case Management Conference ("CMC") pursuant to Rule 1.200(j), Fla. R. Civ. P. will be convened on **April 28, 2026, at 9:30 a.m.** in Hearing Room 703 at the Duval County Unified Courthouse, 501 W. Adams Street, Jacksonville, Florida 32202.

The purpose of this Case Management Conference is to provide the parties or their counsel an opportunity to be heard prior to the Court setting the actual trial period, pretrial conference, and pretrial deadlines.

Accordingly, no later than **7 days** prior to this CMC, the parties or their counsel shall, in a meeting initiated by Plaintiff(s) or their counsel if represented, confer with each other regarding the particular case management needs of the case, including but not limited to:

    a.    whether the parties adopt the projected trial date/duration set forth above; or

    b.    whether the parties agree that a different actual trial date/duration should govern this case; and

    c.    whether the CMC should be cancelled because the parties have submitted a Trial Set Memorandum as set forth below.

**The parties may avoid this CMC by emailing to the Court's Judicial Assistant a completed Division CV-D Trial Set Memorandum no later than 14 days prior to the date of this CMC, advising the Court whether the parties adopt the projected trial date/duration set forth above OR whether the parties agree that a different actual trial date/duration (consistent with the time standards set forth in Fla. Gen. Prac. and J. Admin. Rule 2.250) should govern this case.** If such a Trial Set Memorandum is timely submitted, the Court will, upon request, cancel this CMC. Unless the Court cancels the CMC, the CMC shall proceed.

Upon the failure of a party, or their counsel if represented, to attend this CMC or to submit a completed Trial Set Memorandum, the Court may set an actual trial date, dismiss the action, strike pleadings, limit proof or witnesses, or take any other appropriate action against a party failing to attend. Fla. R. Civ. P. Rules 1.200(j)(6) and 1.420(b).

    **6.**    **ORDER SETTING ACTUAL TRIAL DATE**

Following either the CMC or the receipt of a Trial Set Memorandum from the parties, each Division will enter a superseding order setting an actual trial date within the time standards prescribed by Florida Rule of General Practice and Judicial Administration 2.550, along with deadlines and requirements of counsel pursuant to Florida Rules of Civil Procedure 1.200 and 1.440.

7. **MOTIONS OR OBJECTIONS DIRECTED TO PLEADINGS**

Within 60 days of filing a Motion to Dismiss, a Motion for More Definite Statement, a Motion to Strike or any objection to a pleading, the moving or objecting party shall schedule with the Court's Judicial Assistant a hearing on the motion or objection. Failure to do so shall result in the motion or objection being deemed abandoned and denied. The nonmoving party shall promptly submit a proposed order confirming that the motion or objection is denied.

8. **SERVICE OF THIS ORDER**

The Plaintiff shall serve a copy of this Case Management Order on all other parties to this action and shall file a Certificate of Service reflecting the date on which the party was served.

**DONE AND ORDERED** in Chambers at Jacksonville, Duval County, Florida, this Monday, November 24, 2025.

_____
Virginia Baker Norton
Circuit Judge

16-2025-CA-006518-AXXX-MA 11/24/2025 01:53:45 P

Lynnette Cahill, Program Coordinator - Case Manag
16-2025-CA-006518-AXXX-MA 11/24/2025 01:53:45 PM

Copies furnished to:

Samuel Benjamin Kanupp

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

AISHA BROCK,                                           Case No.:
                                                        Division:
    Plaintiff,

v.

KROGER FULFILLMENT NETWORK, LLC,

    Defendant.
_____/

## SUMMONS

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant, **Kroger Fulfillment Network, LLC, c/o CORPORATION SERVICE COMPANY, 1201 Hays Street, Tallahassee, Florida 32301.** Each Defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney, whose name and address is Magid & Williams, P.A., 3100 University Blvd., South, Suite 115, Jacksonville, Florida 32216, within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

                              WITNESS my hand and the seal of this Court on
                              **01/30/2026**
                              As Clerk of the Court

                         By: *Rebecca Jackson*
**Jody Phillips**                      As Deputy Clerk
**Clerk of Court**



**JODY PHILLIPS**

CLERK OF THE CIRCUIT AND COUNTY COURTS
JACKSONVILLE, DUVAL COUNTY, FLORIDA

**RECEIPT**
5057240

Printed On:
01/30/2026 09:55
Page 1 of 1

| Receipt Number: 5057240 - Date 01/30/2026  Time 9:55:35AM |||||
|---|---|---|---|---|
| **Received of:** | Magid and Williams PA 3100 University Blvd South, suite 115 Jacksonville, FL 32216 ||||
| **Cashier Name:** | EFile | | **Balance Owed:** | 10.00 |
| **Cashier Location:** | E-Filing | | **Total Amount Paid:** | 10.00 |
| **Receipt ID:** | 8482149 | | **Remaining Balance:** | 0.00 |
| **Division:** | CV-D(Circuit Court) ||||
| Case# 16-2025-CA-006518-AXXX-MA -- PLAINTIFF: BROCK, AISHA |||||
| Item || Balance | Paid | Bal Remaining |
| Fees || 10.00 | 10.00 | 0.00 |
| **Case Total** || **10.00** | **10.00** | **0.00** |
| Payments ||||||
| Type || Ref# || Amount |
| EFILING || 17781294 || 10.00 |
| **Total Received** |||| **10.00** |
| **Total Paid** |||| **10.00** |

## The clerk of courts is here to help you.

| We can be found online at: | WWW.DUVALCLERK.GOV |
|---|---|
| The main courthouse Location is: | Clerk of the Circuit and County Courts Duval County, Florida 501 West Adams Street Jacksonville, Florida 32202 |
| The main telephone number is: | 904-255-2000 |
| Other Locations: | Neptune Beach Courthouse Annex 1543 Atlantic Blvd Neptune Beach, Florida 32266 |